UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 26-21254-CIV-CANNON

CARLOS ECHEVARRIA NUNEZ,

        Petitioner,

v.

WARDEN, KROME NORTH SERVICE
PROCESSING CENTER,

        Respondent.

                /

**ORDER OF DISMISSAL FOR FAILURE TO
COMPLY WITH COURT ORDERS**

**THIS CAUSE** comes before the Court Petitioner Carlos Echevarria Nunez's *pro se* First Renewed Motion for Leave to Proceed *in forma pauperis* ("First Renewed IFP Motion") [ECF No. 6] and Second Renewed Motion for Leave to Proceed *in forma pauperis* ("Second Renewed IFP Motion" and collectively the "Renewed IFP Motions"). Because neither of the renewed IFP Motions remedies the deficiencies in this Court's Order denying Petitioner's first Motion for Leave to Proceed *in forma pauperis* ("First IFP Motion") [ECF No. 3], the Motions are **DENIED** [ECF Nos. 6, 7], and the Petition is **DISMISSED WITHOUT PREJUDICE** for failure to comply with court orders.

\*\*\*

Courts are vested with the inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" and "to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962). "The court's power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983). Accordingly, "[a] district court can dismiss a case *sua*

1

*sponte*" if a party "fails to comply with a court order." *Daker v. Comm'r, Ga. Dep't of Corr.*, 850 F. App'x 731, 733 (11th Cir. 2021) (citing *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (ruling that dismissal "upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion"); *Jamerson v. Sec'y Dep't of Corr.*, 774 F. App'x 623, 624 (11th Cir. 2019) ("In general, a dismissal without prejudice is not an abuse of discretion" (citing *Dynes v. Army Air Force Exchange Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983))).

That disposition is warranted here. On February 16, 2026, Petitioner filed his First IFP [ECF No. 3]. But that motion lacked a six-month account statement, so the Court denied the IFP Motion without prejudice and granted Petitioner "one final opportunity to file a compliant IFP Motion" [ECF No. 4 p. 1 (emphasis removed)]. Specifically, the Court required that Petitioner file a renewed IFP Motion on the authorized form, with supporting financial affidavit, and a six-month account statement as required by Rule 3(a) of the Rules Governing Section 2254 Cases in the United States District Courts[1] [ECF No. 4 p. 2]. The Court warned that Petitioner's "failure to pay the Clerk's filing fee or to file a compliant IFP Motion consistent with this Court's Order **shall** result in dismissal of this case without further notice" [ECF No. 4 p. 2 (emphasis in original)].

Despite this Court's clear warning, Petitioner's Renewed IFP Motions remain facially deficient. Petitioner's First Renewed IFP Motion is not signed under penalty of perjury [ECF No. 6 p. 2] and his Second Renewed IFP Motion is untimely [*compare* ECF No. 4 p. 2 (requiring that Petitioner file his renewed IFP Motion on or before March 23, 2026) *with*

---

[1] The Court may apply the Rules Governing Section 2254 Cases in the United States District Courts to the instant § 2241 Petition. *See* Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

2

CASE NO. 26-21254-CIV-CANNON

ECF No. 7 p. 2 (dated March 27, 2026); *see also Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) ("Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing" and, "[a]bsent evidence to the contrary, [courts] assume that a prisoner delivered a filing to prison authorities on the date that he signed it" (citation omitted))].  Further, neither of Petitioner's Renewed IFP Motions attaches a six-month account statement, as required by this Court's prior Order and Rule 3(a) of the Rules Governing Section 2254 Cases.  Consistent with the warning contained in the Court's prior Order [ECF No. 4 p. 2], dismissal without prejudice is warranted.

\*\*\*

Accordingly, upon a full review, it is hereby **ORDERED AND ADJUDGED** that:

1. Petitioner's Motions to Proceed IFP are **DENIED** [ECF Nos. 6, 7].

2. This case is **DISMISSED WITHOUT PREJUDICE** for failure to comply with Court orders.

3. The Clerk is ordered to **CLOSE** this case.

4. The Clerk shall **MAIL** a copy of this order to Petitioner at the address listed below and file a Notice of Compliance confirming the same.

**ORDERED** in Chambers in Fort Pierce, Florida, this 2nd day of April 2026.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:     **Carlos Echevarria Nunez,** *pro se*
        A# 072086847
        Krome North Service Processing Center
        Inmate Mail/Parcels
        18201 S.W. 12th Street
        Miami, Florida 33194

        Email: usafls-2255@usdoj.gov

        Email: usafls-immigration@usdoj.gov

3